UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE MAYO; WILLIAM HARRIS; RANDOLPH MAXWELL; JEFFREY McVAY; CAMERON WALTERS; CLYDE REID; JAHSAUN WASHINGTON; RONDELL HALLEY; MARK STEVENS; SHAWN SCALES; ANDREW WILLIAMS, and all detainees on Riker's Island known & unknown,<br><br>Petitioners,<br><br>-against-<br><br>S. WALKER, Warden at R.N.D.C. C-74,<br><br>Respondent. | 1:22-CV-5810 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioners Maurice Mayo, William Harris, Randolph Maxwell, Jeffrey McVay, Cameron Walters, Clyde Reid, Jahsaun Washington, Rondell Halley, Mark Stevens, Shawn Scales, and Andrew Williams, who, at the time of filing, were held in the Robert N. Davoren Center on Rikers Island, filed this *pro se* petition for a writ of *habeas corpus* on their own behalves and on the behalves of other Rikers Island prisoners. For the reasons set forth below, the Court severs, under Rule 21 of the Federal Rules of Civil Procedure, the claims of Petitioners Harris, Maxwell, McVay, Walters, Reid, Washington, Halley, Stevens, Scales, and Williams. The Court also directs Petitioner Mayo to, within 30 days, either pay the $5.00 filing fee to bring his *habeas corpus* action or complete, sign, and submit a request to proceed *in forma pauperis*.

**DISCUSSION**

**A.    Petitioners Harris, Maxwell, McVay, Walters, Reid, Washington, Halley, Stevens, Scales, and Williams**

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple litigants to join in one action if: (1) they assert any right to relief arising out of the same occurrence or series

of occurrences, and (2) any question of law or fact in common to all litigants will arise in the action. *See* Fed. R. Civ. P. 20(a)(1); *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance, under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (footnote omitted); *see* Fed. R. Civ. P. 21; *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. USDA*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citations omitted).

In determining whether to deny joinder or order severance, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr ex rel. Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering a motion to sever under Rules 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (when considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting

*Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)), *report & recommendation adopted*, 2007 WL 2852770 (S.D.N.Y. Sept. 28, 2007).

In the *habeas corpus* context, within the Second Circuit, multiple petitioners may seek *habeas corpus* relief in one action in order to avoid "considerable expenditure of judicial time and energy in hearing and deciding numerous individual petitions presenting the identical issue," *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1126 (2d Cir. 1974), but only so long as such an action is "uncluttered by subsidiary issues," *id.* at 1125-26; *see Ferreyra v. Decker*, 456 F. Supp. 3d 538, 544 (S.D.N.Y. 2020) (denying the respondents' request to sever a *habeas corpus* action brought by multiple petitioners because "considerations of judicial economy and fairness argue persuasively for the construction of a procedure such as this multi-party habeas action, where Petitioners shar[e] certain complaints about the legality of their confinement.") (citations omitted, alteration in original); *Valenzuela Arias v. Decker*, No. 20-CV-2802, 2020 WL 1847986, at *3 (S.D.N.Y. Apr. 10, 2020) ("Here, Petitioners allege shared harms, including the alleged systemic failure of Respondents to identify and protect individuals in the . . . Jail who are at high risk of complications from COVID-19. If there were ever an extraordinary circumstance warranting a multi-party habeas petition to allow for expeditious resolution of the claims before the Court, it would be this case.").

Petitioners' claims, at first glance, appear to be similar in nature; each petitioner asserts that every court in New York City is committing "fraud [–] [t]hey are illegally waiving [Petitioners' and other Rikers Island prisoners'] constitutional right to [a] grand jury and holding [Petitioners and the other prisoners] on a superior court information. . . . [Moreover,] [t]hey are conspiring with the District Attorneys to violate all of [Petitioners' and the other prisoners'] constitutional rights. . . ." (ECF 1, at 2-3.)

The Court finds, however, that the realities of managing this litigation while the 11 petitioners are incarcerated militate against adjudicating their claims in one action for four reasons. First, Petitioners' claims for *habeas corpus* relief do not present identical issues, and they are "[]cluttered by subsidiary issues," *United States ex rel. Sero*, 506 F.2d at 1125-26; the circumstances, charges, underlying facts, and procedural contexts of each petitioner's state-court criminal proceedings, as well as the alleged associated constitutional violations, are unique to each petitioner. Thus, it is unlikely that one *habeas corpus* action could effectively and efficiently address each petitioner's claims for relief.[1]

Second, as *pro se* litigants, each petitioner may appear only on his own behalf; one may not appear as an attorney for another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

Third, because Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper must be signed personally by every party who is unrepresented, during the course of this action, each petitioner would be required to sign any submission filed.[2] The transitory nature of incarceration, where prisoners are released or

---

[1] Under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] petitioner who seeks relief from judgments of more than one state court [under 28 U.S.C. § 2254] must file a separate petition covering the judgment or judgments of each court." Under Rule 1(b) of those rules, that requirement, and any other requirement under those rules, may be extended to other types of *habeas corpus* petitions.

[2] Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts has a similar requirement for *habeas corpus* petitions brought under Section 2254. In addition, under Rule 12 of those rules, the Federal Rules of Civil Procedure may be applied to

4

transferred at any time, as well as the security restrictions imposed on prisoners communicating with each other, could result in the petitioners being unable to communicate face-to-face or by mail. At best, the petitioners would have only a very limited opportunity to discuss case strategy, share information, or even provide each other with copies of the submissions that they file with the Court.

Fourth, joinder of these prisoners would likely result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779, 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that a multi-prisoner action should be severed under Rule 21 into individual actions based on an unwieldy complaint, security considerations, and the plaintiffs' likely inability to jointly litigate the action because they were housed in different facilities or given limited opportunities to associate).

Based on these issues, the Court concludes that allowing this action to proceed as an 11-petitioner action would not be fair to the petitioners and would not achieve judicial economy. Allowing each petitioner to proceed separately, on the other hand, would facilitate the fair and efficient disposition of the litigation.

The Court will therefore sever this action into 11 separate *habeas corpus* actions. Petitioner Mayo will proceed as the sole petitioner in this action, and the claims of Petitioners Harris, Maxwell, McVay, Walters, Reid, Washington, Halley, Stevens, Scales, and Williams will be opened as 10 separate *habeas corpus* actions, respectively, and assigned 10 new civil docket numbers. A copy of the petition and this order will be docketed in each new civil action. The actions will proceed as separate *habeas corpus* actions from this point on, and Petitioners Harris,

---

*habeas corpus* actions, so long as such application is not inconsistent with any statutory provisions or the Section 2254 *habeas corpus* rules.

5

Maxwell, McVay, Walters, Reid, Washington, Halley, Stevens, Scales, and Williams will not be regarded as co-petitioners, except upon further order of the Court.[3]

**B.    Petitioner Mayo**

To proceed with a petition for a writ of *habeas corpus* in this court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* ("IFP"), complete, sign, and submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

While the petition requests that the petitioners proceed in this action IFP, it does not show how any of the petitioners, including Petitioner Mayo, are unable to pay the $5.00 filing fee. Within 30 days of the date of this order, Petitioner Mayo must either pay the $5.00 filing fee or complete, sign, and submit the attached IFP application. If Petitioner Mayo submits the IFP application, it should be labeled with docket number 1:22-CV-5810 (LTS). If the Court grants the IFP application, Petitioner Mayo will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1).

No answer shall be required at this time. If Petitioner Mayo complies with this order, his *habeas corpus* action shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner Mayo fails to comply with this order within the time allowed, the Court will dismiss Petitioner Mayo's *habeas corpus* action.

## CONCLUSION

The Court severs from this action, under Rule 21 of the Federal Rules of Civil Procedure, the *habeas corpus* claims of Petitioners Harris, Maxwell, McVay, Walters, Reid, Washington,

---

[3] The severance of Petitioners' claims into separate *habeas corpus* actions does not mean that their claims cannot be considered together. If appropriate, the Court can deem the actions related or consolidate them. *See Hagan v. Rogers*, 570 F.3d 146, 161 n.11 (3d Cir. 2009) (Jordan, C.J., concurring in part, dissenting in part).

Halley, Stevens, Scales, and Williams. Petitioner Mayo will proceed as the sole petitioner in this action, and he is directed, within 30 days, to either pay the $5.00 filing fee to bring this action or complete, sign, and submit the attached IFP application under this action's docket number, 1:22-CV-5810 (LTS). No answer shall be required as this time. If Petitioner Mayo complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner Mayo fails to comply with this order within the time allowed, the Court will dismiss this action.

      The Court directs the Clerk of Court to open 10 new separate *habeas corpus* actions with 10 new civil docket numbers for the claims of Petitioners Harris, Maxwell, McVay, Walters, Reid, Washington, Halley, Stevens, Scales, and Williams, respectively, and docket in each of those *habeas corpus* actions a copy of the petition and this order. Once each new action is opened, the Court will issue orders directing Petitioners Harris, Maxwell, McVay, Walters, Reid, Washington, Halley, Stevens, Scales, and Williams to each either pay the $5.00 filing fee to bring a separate *habeas corpus* action or complete, sign, and submit an IFP application.

      Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   July 29, 2022
           New York, New York

                                    /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge